11 JONES, J.,
concurring in part and dissenting in part with reasons.
I write separate only to emphasize my disagreement with the majority when they *1025 would hold that “We opine that both Zeller and Guzman are still good law, ...” This statement is partially correct.
While Zeller is good law, our holding in Guzman was reversed by the Supreme Court, who gave no reasons for granting the writ. Thus, we could surmise that the Supreme Court reversed Guzman because it was inconsistent with Zeller.
Zeller stands for the proposition that a La.C.C.P. art. 1733 request for jury trial is mandatory in its time requirements; and, given the facts of the case sub judice, the defendant did not comply with the provisions of art. 1733 in requesting a jury trial.
Therefore, for the reasons stated herein, I depart from the majority in its treatment of Zeller and Guzman. In all other respects, I concur.